UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-CV-1589 JMB |
| v. | ) |
| | ) |
| UNKNOWN ST. LOUIS CITY POLICE OFFICERS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Clint Phillips, III,[1] for leave to commence this action without prepayment of the filing fee.[2] The Court will grant plaintiff's motion to proceed in forma pauperis. However, after reviewing plaintiff's complaint, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

---

[1]According to Missouri Case.Net, the State of Missouri's online docketing system, on June 19, 2017, plaintiff was convicted of misdemeanor assault and resisting arrest. *See State v. Phillips*, Case No. 1622-CR02100 (22nd Judicial Circuit, City of St. Louis Court). He was sentenced to six months Suspended Imposition of Sentence ("SIS"), as well as six months Suspended Execution of Sentence ("SES"). He was then provided with unsupervised probation at that time.
[2]Although plaintiff was a prisoner at the time he filed the initial complaint, he has since been released from custody according to the docket sheet.

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against "Unknown St. Louis City Police Officers." Plaintiff sues the Unknown Police Officers in both their official and individual capacities.

Plaintiff claims that on May 8, 2017, he was "accosted" after some of his family members instigated an arrest by unnamed St. Louis Police Officers. Plaintiff claims the Officers came towards him with their guns drawn and told him to put down his "cigarette and can of

2

Budweiser." Plaintiff asserts the Unknown Police Officers used the purported victim's statements to apply retroactively for probable cause for his first arrest in early May 2017. He asserts that this arrest was a violation of his Fourth Amendment rights.

Plaintiff then asserts that during a second arrest, when he was "fleeing," he was "intercepted by a white female cop" and shot by a taser. Plaintiff does not provide a date of this occurrence or discuss when this purportedly occurred. Plaintiff claims at this time he was once again taken into custody and falsely imprisoned.

He asserts he was made to pay his bail on these two separate occasions, not properly treated for his mental health needs, arrested a second time at the Veterans Administration by Homeland Security personnel, and eventually taken to the St. Louis City Justice Center at some point, but on another arrest, taken to the Medium Security Institution where he was placed on suicide watch.

Plaintiff seeks monetary damages and injunctive relief as a result of violations of his Fourth Amendment rights.

**Discussion**

At the outset, the Court notes that, in general, fictitious or unknown parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of the Unknown St. Louis City Police Officers to be ascertained after

reasonable discovery. Plaintiff has discussed numerous arrests at various places in his complaint; therefore, the Court is left to wonder how many police officers he had difficulty with during the Summer of 2017. Moreover, as plaintiff is proceeding in forma pauperis, the Court is charged with service of the complaint on defendants on plaintiff's behalf. The Court cannot obtain service on defendants who are identified only as "Unknown St. Louis City Police Officers" with no indication of their last name or some other identifying information. As a result, the complaint is legally frivolous as to the unnamed defendants known as "Unknown St. Louis City Police Officers."

In addition, as plaintiff's claims relate to violations of the Fourth Amendment, his claims would likely be subject to a stay pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), until the resolution of any relevant state court criminal proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of December, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE